IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **CRIMINAL ACTION NO.: 1:20-cr-23** <br> **(JUDGE KEELEY)** |
| **PAUL CHIBUZO,** | |
| Defendant. | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge for the purpose of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. (ECF No. 24). On August 3, 2020, came the United States of America ("the Government") by its counsel, Andrew R. Cogar, Assistant United States Attorney, and also came Defendant in person and by counsel, Brian J. Kornbrath, for a change of plea hearing. After placing Defendant under oath, the Court informed Defendant that if he gave false answers to the Court's questions, his answers may later be used against him in a prosecution for perjury or false statement and increase his sentence in this case.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the

undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The parties represent to the Court that there is no plea agreement in this case. Defendant stated in open court that he fully understood he was pleading guilty to Count One (1) and Count Two (2) of the original Indictment and that no other agreements had been made between himself and the Government.

The Court confirmed that Defendant had received and reviewed with his attorney the original Indictment in this matter. Defendant waived reading of the original Indictment in open court. The Court then reviewed with Defendant Count One (1) and Count Two (2) of the original Indictment, including the elements of the crime the United

States would have to prove at trial. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea. The Government proffered a factual basis for the plea. Neither Defendant nor Defendant's counsel disputed the proffer concerning the essential elements of the offense when given the opportunity to do so. Additionally, the Defendant provided a factual basis for the plea.

The Court then reviewed with Defendant the statutory penalties for **Count One (1) and Count Two (2)**, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One (1) was imprisonment for a period of up to five (5) yeas, a fine of $250,000.00, and a period of supervised release of three (3) years. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two (2) was imprisonment for a period of up to five (5) yeas, a fine of $250,000.00, and a period of supervised release of three (3) years. The Court also advised Defendant that, as part of the fine, he could be required to pay the costs of imprisonment, community confinement, or supervision. The Court also informed Defendant of the mandatory special assessment fee applicable to this case and that restitution may be an issue in this case.

The Court informed Defendant that the Sentencing Guidelines are merely advisory. However, under the Sentencing Reform Act of 1984, certain Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney and that he understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report. The Court also noted that if the sentence ultimately imposed was more severe than that expected, Defendant would not have the right to withdraw the plea of guilty.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers. The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty. Defendant and his counsel stated that Defendant understood all of the consequences of pleading guilty. Defendant was also advised of his appellate rights.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promises. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither

he nor his attorney had found an adequate defense to the charge contained in Count One (1) and Count Two (2) of the original Indictment.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment.  Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the pre-sentence report.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.  Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing.   Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled

by the Court, but by the Federal Bureau of Prisons.

Defendant then entered a plea of **GUILTY** to **Count One (1) and Count Two (2)** of the original Indictment and stated that he was in fact guilty of the crime charged in Count One (1) and Count Two (2) of the original Indictment.

Based upon Defendant's statements and the Government proffer, the Court finds that the plea is freely and voluntarily given, that Defendant is aware of the nature of the charges against him and the consequences of his plea, and that a factual basis exists for the tendered plea. The Court accepted Defendant's plea of guilty and deferred adjudicating Defendant guilty of the crime charged in Count One (1) and Count Two (2) of the original Indictment to the sentencing court.

The undersigned informed the parties that the Probation Office would undertake a presentence investigation of Defendant and prepare a presentence report for the Court; Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines.

Defendant is **REMANDED to the custody of the United States Marshals Service pending sentencing**.

IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to

timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. § 636(b)(l); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: August 3, 2020.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE